Detective Anthony Brainerd Detective Bruce Jones Detective Eddie Keathley Detective Robert Martin Detective Anthony Moore Detective Chris Oldham Little Rock Police Department 700 West Markham Little Rock, AR 72201-1329
Dear Sirs:
This is in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on whether the decision of the custodian of records for the City of Little Rock with respect to a Freedom of Information Act ("FOIA" or act) request involving your personnel files is consistent with the act. Correspondence attached to your request indicates that an FOIA request has been made for the release of any "reprimands, suspensions, disciplinary actions, complaints, and results thereof" from your personnel files. The records' custodian has cited the exemption for "employee evaluation" and "job performance records" (A.C.A. § 25-19-105(c)(1) (Supp. 1995)), and has stated that any suspension letters currently in the files and any job performance records which form the basis of earlier actions will be released.
It must be initially noted that I have not reviewed the particular records in question and thus cannot make any conclusive determination regarding the custodian's decision. As a general matter, employee evaluation and job performance records are closed and confidential unless the employee has been suspended or terminated, all administrative appeals from the suspension or termination are final, and there is a compelling public interest in the disclosure of the records. Id. This office has previously opined that letters of reprimand and other disciplinary records generally fall within the "job performance records" exemption. See,e.g., Op. Att'y Gen. 91-324. Accordingly, if all of the above factors (suspension or termination, final administrative resolution, records formed a basis for the suspension or termination, and a compelling public interest in disclosure) are not present, the custodian's decision not to release such records is, in my opinion, consistent with the FOIA.
With regard, specifically, to any suspensions, it is my opinion that suspension records, including preliminary notes and other materials, would be considered "job performance records" and as such would be subject to disclosure if the custodian determines that final administrative resolution of the suspension has occurred, that the record(s) formed a basis for the suspension, and that there is a compelling public interest in disclosure. See generally J. Watkins, TheArkansas Freedom of Information Act 135-137 (2d ed. 1994) (regarding the "compelling public interest" requirement).
As to the FOIA request for any complaints and results thereof, it must be initially determined whether the particular record involving a complaint constitutes an "employee evaluation" or "job performance record" under the act. As noted above, I have not viewed the records in question and thus cannot make any conclusive determination in this regard. This office has recently opined with regard to complaint documents that this determination will likely depend upon the specific facts surrounding the documents' creation. See Ops. Att'y Gen. 96-258, 96-257, 96-168 and 96-033. It is my opinion that records created as part of an inquiry into or investigation of alleged employee misconduct will generally constitute evaluation or job performance records. The test for disclosure of such records, discussed above, would then be applicable. If the records were not created for evaluation or investigation purposes, disclosure may be required, with the possible exception of any intimate information that might give rise to a privacy interest. See generally Ops. Att'y Gen.96-258 and 96-257.
Finally, with respect to the results of any complaints, it may be concluded that records which reflect administrative action in response to or in connection with a complaint will generally fall within the evaluation or job performance category. The requisite test under §25-19-105(c)(1), supra, would then apply. Again, however, the record(s) must be individually reviewed under the act.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh